1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   BENJAMIN J. WEIR (Cal. Bar No. 312418)
4  Assistant United States Attorney
   Riverside Branch Office
5       3403 Tenth Street, Suite 200
        Riverside, California 92501
6       Telephone:    (951) 276-6228
        Facsimile:    (951) 276-6202
7       E-mail:    Benjamin.Weir@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
9
                  UNITED STATES DISTRICT COURT
10
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
   UNITED STATES OF AMERICA,          ED CR No. 20-120(A)-JGB
12
              Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
13                                    PAUL HORTON SMITH SR.
                 v.
14
   PAUL HORTON SMITH SR.,
15
              Defendant.
16

17

18       1.   This constitutes the plea agreement between Paul Horton

19  Smith, Sr. ("defendant") and the United States Attorney's Office for

20  the Central District of California (the "USAO") in the above-

21  captioned case.  This agreement is limited to the USAO and cannot

22  bind any other federal, state, local, or foreign prosecuting,

23  enforcement, administrative, or regulatory authorities.

24                        DEFENDANT'S OBLIGATIONS

25       2.   Defendant agrees to:

26            a.   At the earliest opportunity requested by the USAO and

27  provided by the Court, appear and plead guilty to count seven of the

28  first superseding indictment in United States v. Paul Horton Smith,

Sr., ED CR No. 20-120(A)-JGB, which charges defendant with Wire Fraud in violation of 18 U.S.C. § 1343.

b.   Defendant agrees that he will not argue a breach of this agreement due to the United States, in either its sentencing position paper(s) or during argument at the sentencing hearing, informing the Court of aggravating information concerning defendant's conduct in this case and/or his personal history and characteristics that are used to support the requested sentence, provided that the United States complies with its obligation, discussed below, to request a sentence at the low end of the applicable Sentencing Guidelines range.

c.   Not contest facts agreed to in this agreement.

d.   Abide by all agreements regarding sentencing contained in this agreement.

e.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

i.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.   The

2

1  government is not precluded from pursuing, in excess of any payment
2  schedule set by the Court, any and all available remedies by which to
3  satisfy defendant's payment of the full financial obligation,
4  including referral to the Treasury Offset Program.

5       j.    Complete the Financial Disclosure Statement on a form
6  provided by the USAO and, within 30 days of defendant's entry of a
7  guilty plea, deliver the signed and dated statement, along with all
8  of the documents requested therein, to the USAO by either email at
9  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial
10  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los
11  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay
12  criminal debt shall be assessed based on the completed Financial
13  Disclosure Statement and all required supporting documents, as well
14  as other relevant information relating to ability to pay.

15       k.    Authorize the USAO to obtain a credit report upon
16  returning a signed copy of this plea agreement.

17       l.    Consent to the USAO inspecting and copying all of
18  defendant's financial documents and financial information held by the
19  United States Probation and Pretrial Services Office.

20  THE USAO'S OBLIGATIONS

21     3.   The USAO agrees to:

22       a.    Not contest facts agreed to in this agreement.

23       b.    Abide by all agreements regarding sentencing contained
24  in this agreement.

25       c.    At the time of sentencing, move to dismiss the
26  remaining counts of the first superseding indictment and the
27  underlying indictment as against defendant.  Defendant agrees,
28  however, that at the time of sentencing the Court may consider any

3

dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

   e. Not seek a sentence of imprisonment above the low-end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 34 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low-end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

NATURE OF THE OFFENSE

  4. Defendant understands that for defendant to be guilty of the crime charged in count seven, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343, the following must be true:

  (i) Defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts;

  (ii) The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

4

1     (iii)Defendant acted with the intent to defraud; that is, the

2     intent to deceive and cheat; and

3     (iv) Defendant used, or caused to be used, an interstate wire

4     communication to carry out or attempt to carry out an essential part

5     of the scheme.

6                       PENALTIES AND RESTITUTION

7          5.   Defendant understands that the statutory maximum sentence

8     that the Court can impose for a violation of Title 18, United States

9     Code, Section 1343, is: twenty years' imprisonment; a three-year

10    period of supervised release; a fine of $250,000 or twice the gross

11    gain or gross loss resulting from the offense, whichever is greatest;

12    and a mandatory special assessment of $100.

13         6.   Defendant understands that defendant will be required to

14    pay full restitution to the victim of the offense to which defendant

15    is pleading guilty.  Defendant agrees that, in return for the USAO's

16    compliance with its obligations under this agreement, the Court may

17    order restitution to persons other than the victim of the offense to

18    which defendant is pleading guilty and in amounts greater than those

19    alleged in the count to which defendant is pleading guilty.   In

20    particular, defendant agrees that the Court may order restitution to

21    any victim of any of the following for any losses suffered by that

22    victim as a result: (a) any relevant conduct, as defined in U.S.S.G.

23    § 1B1.3, in connection with the offense to which defendant is

24    pleading guilty; and (b) any counts dismissed pursuant to this

25    agreement as well as all relevant conduct, as defined in U.S.S.G.

26    § 1B1.3, in connection with those counts and charges.  The parties

27    currently believe that the applicable amount of restitution is

28    approximately $13,331,505.88 but recognize and agree that this amount

could change based on facts that come to the attention of the parties prior to sentencing.

7.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

9.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported

1   from the United States.   Defendant may also be denied United States

2   citizenship and admission to the United States in the future.

3   Defendant understands that while there may be arguments that

4   defendant can raise in immigration proceedings to avoid or delay

5   removal, removal is presumptively mandatory and a virtual certainty

6   in this case.   Defendant further understands that removal and

7   immigration consequences are the subject of a separate proceeding and

8   that no one, including his attorney or the Court, can predict to an

9   absolute certainty the effect of his conviction on his immigration

10  status.   Defendant nevertheless affirms that he wants to plead guilty

11  regardless of any immigration consequences that his plea may entail,

12  even if the consequence is automatic removal from the United States.

13                             FACTUAL BASIS

14        10.   Defendant admits that defendant is, in fact, guilty of the

15  offense to which defendant is agreeing to plead guilty.   Defendant

16  and the USAO agree to the statement of facts provided below and agree

17  that this statement of facts is sufficient to support a plea of

18  guilty to the charge described in this agreement and to establish the

19  Sentencing Guidelines factors set forth in paragraph 12 below but is

20  not meant to be a complete recitation of all facts relevant to the

21  underlying criminal conduct or all facts known to either party that

22  relate to that conduct.

23        At all relevant times herein, defendant was the owner and

24  operator of Planning Services, Inc. and eGate, LLC.   Planning

25  Services, Inc. was a California-licensed insurance agent, while

26  eGate, LLC was a California-registered Investment Advisor.

27  Beginning by at least July 2000 and continuing to May 21, 2020,

28  defendant operated a LLC named Northstar Communications, in

1  Riverside, California, and elsewhere.  Defendant caused the victims
2  of his fraudulent scheme, listed in Exhibit A,  to invest in
3  something that defendant referred to as "Northstar."  Defendant told
4  some of his victim clients that Northstar was an annuity, or
5  something similar to an annuity, while he told other victims that
6  Northstar invested in real estate or the stock market.  Defendant
7  typically told the victims that an investment into Northstar would
8  have a minimum rate of return and that it was a safe investment.
9  Based on these representations, more than 200 victims gave defendant
10  money to invest in Northstar.

11     Defendant's representations were material, that is, they had a
12  natural tendency to influence, or were capable of influencing, the
13  victims to part with money or property.  Each of the representations
14  defendant made to victims were false.  Specifically, at the time
15  defendant made all of these statements to the victims, defendant knew
16  that the Northstar investment was a fraudulent investment that was a
17  Ponzi scheme.  At the time he solicited the victims' money, defendant
18  intended to deceive the victims because he knew that he would use the
19  money in a different manner than he had represented to the victims.
20  In fact, defendant never made any legitimate investments with the
21  money that he received from the victims listed in Exhibit A; he
22  simply deposited the victim's money into a non-interest-bearing
23  business checking account.  Defendant thereafter used the money to
24  pay interest payments to earlier Northstar victims or repay those
25  victims who sought to withdraw their investment in Northstar.  These
26  payments were made to prevent the discovery of his ongoing scheme.

27     As part of the scheme, defendant used, or caused to be used,
28  interstate wire communications to carry out an essential part of the

scheme.  One such example was that on April 16, 2019, defendant
caused a personal check in the amount of $400,000 from victim D.E. to
be deposited into a BBVA Compass Bank account in Riverside,
California.  A copy of this check was electronically transferred by a
BBVA Compass Bank branch in California to BBVA Compass Bank's
headquarters in Alabama for processing so that the funds would be
transferred.  Defendant told D.E. that he would invest D.E.'s money,
which were life insurance proceeds after D.E.'s spouse had died, in a
safe investment with a 5% return.  Defendant did not invest D.E.'s
money; instead, defendant transferred D.E.'s money from the BBVA
Compass Bank account directly to other victims of defendant's Ponzi
scheme.  In an attempt to continue to conceal his scheme, defendant
made eleven payments back to D.E. that totaled $163,324.16.

During the course of the scheme, more than 200 victims gave
defendant a total of over $24 million that they sought to invest in
the Northstar investment.  One hundred six of these victims have not
been fully repaid.  The total loss for these 106 victims is
$13,331,505.88.  See Exhibit A.[1]

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have

---

[1] The United States intends to concurrently file an application
that seeks to file Exhibit A under seal as it discloses the names of
the victims and their losses.

1   any expectation of receiving a sentence within the calculated

2   Sentencing Guidelines range, and that after considering the

3   Sentencing Guidelines and the other § 3553(a) factors, the Court will

4   be free to exercise its discretion to impose any sentence it finds

5   appropriate up to the maximum set by statute for the crime of

6   conviction.

7      12.   Defendant and the USAO agree to the following applicable

8   Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Amount of Loss | +20 | U.S.S.G. § 2B1.1(b)(1)(K) |
| Substantial Financial Hardship to 25+ Victims | +6 | U.S.S.G. § 2B1.1(b)(2)(C) |
| Sophisticated Means | +2 | U.S.S.G. § 2B1.1(b)(10)(C) |
| Violation of Position of Trust | +2 | U.S.S.G. § 3B1.1 |

16   Defendant and the USAO reserve the right to argue that additional

17   specific offense characteristics, adjustments, and departures under

18   the Sentencing Guidelines are appropriate, except that the United

19   States agrees not to pursue a sentencing enhancement under U.S.S.G.

20   § 2B1.1(b)(20).

21      13.   Defendant understands that there is no agreement as to

22   defendant's criminal history or criminal history category.

23      14.   Defendant and the USAO reserve the right to argue for a

24   sentence outside the sentencing range established by the Sentencing

25   Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

26   (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.    The right to persist in a plea of not guilty.

      b.    The right to a speedy and public trial by jury.

      c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.    The right to confront and cross-examine witnesses against defendant.

      f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

11

appeal defendant's conviction on the offense to which defendant is
pleading guilty.  Defendant understands that this waiver includes,
but is not limited to, arguments that the statute to which defendant
is pleading guilty is unconstitutional, and any and all claims that
the statement of facts provided herein is insufficient to support
defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17.  Defendant agrees that, provided the Court imposes a total
term of imprisonment on all counts of conviction of no more than 121
months, defendant gives up the right to appeal all of the following:
(a) the procedures and calculations used to determine and impose any
portion of the sentence; (b) the term of imprisonment imposed by the
Court; (c) the fine imposed by the Court, provided it is within the
statutory maximum; (d) to the extent permitted by law, the
constitutionality or legality of defendant's sentence, provided it is
within the statutory maximum; (e) the amount and terms of any
restitution order, provided it requires payment of no more than
$13,331,505.88; (f) the term of probation or supervised release
imposed by the Court, provided it is within the statutory maximum;
and (g) any of the following conditions of probation or supervised
release imposed by the Court: the conditions set forth in Second
Amended General Order 20-04 of this Court; the drug testing
conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above and
(b) the Court imposes a term of imprisonment of no less than 151
months' imprisonment, the USAO gives up its right to appeal any

12

1 portion of the sentence, with the exception that the USAO reserves

2 the right to appeal the amount of restitution ordered if that amount

3 is less than $13,331,505.88.

4 <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

5     19. Defendant agrees that if, after entering a guilty plea

6 pursuant to this agreement, defendant seeks to withdraw and succeeds

7 in withdrawing defendant's guilty plea on any basis other than a

8 claim and finding that entry into this plea agreement was

9 involuntary, then (a) the USAO will be relieved of all of its

10 obligations under this agreement; and (b) should the USAO choose to

11 pursue any charge that was either dismissed or not filed as a result

12 of this agreement, then (i) any applicable statute of limitations

13 will be tolled between the date of defendant's signing of this

14 agreement and the filing commencing any such action; and

15 (ii) defendant waives and gives up all defenses based on the statute

16 of limitations, any claim of pre-indictment delay, or any speedy

17 trial claim with respect to any such action, except to the extent

18 that such defenses existed as of the date of defendant's signing this

19 agreement.

20 <u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

21     20. Defendant agrees that if the count of conviction is

22 vacated, reversed, or set aside, both the USAO and defendant will be

23 released from all their obligations under this agreement.

24 <u>EFFECTIVE DATE OF AGREEMENT</u>

25     21. This agreement is effective upon signature and execution of

26 all required certifications by defendant, defendant's counsel, and an

27 Assistant United States Attorney.

28

BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1    c.   Defendant agrees that: (i) any statements made by
2  defendant, under oath, at the guilty plea hearing (if such a hearing
3  occurred prior to the breach); (ii) the agreed to factual basis
4  statement in this agreement; and (iii) any evidence derived from such
5  statements, shall be admissible against defendant in any such action
6  against defendant, and defendant waives and gives up any claim under
7  the United States Constitution, any statute, Rule 410 of the Federal
8  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
9  Procedure, or any other federal rule, that the statements or any
10  evidence derived from the statements should be suppressed or are
11  inadmissible.

12      COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
13                      OFFICE NOT PARTIES

14      24.  Defendant understands that the Court and the United States
15  Probation and Pretrial Services Office are not parties to this
16  agreement and need not accept any of the USAO's sentencing
17  recommendations or the parties' agreements to facts or sentencing
18  factors.

19      25.  Defendant understands that both defendant and the USAO are
20  free to: (a) supplement the facts by supplying relevant information
21  to the United States Probation and Pretrial Services Office and the
22  Court, and (b) correct any and all factual misstatements relating to
23  the Court's Sentencing Guidelines calculations and determination of
24  sentence.  While this paragraph permits both the USAO and defendant
25  to submit full and complete factual information to the United States
26  Probation and Pretrial Services Office and the Court, even if that
27  factual information may be viewed as inconsistent with the facts
28  agreed to in this agreement, this paragraph does not affect

1    defendant's and the USAO's obligations not to contest the facts

2    agreed to in this agreement.

3         26.  Defendant understands that even if the Court ignores any

4    sentencing recommendation, finds facts or reaches conclusions

5    different from those agreed to, and/or imposes any sentence up to the

6    maximum established by statute, defendant cannot, for that reason,

7    withdraw defendant's guilty plea, and defendant will remain bound to

8    fulfill all defendant's obligations under this agreement.  Defendant

9    understands that no one -- not the prosecutor, defendant's attorney,

10   or the Court -- can make a binding prediction or promise regarding

11   the sentence defendant will receive, except that it will be within

12   the statutory maximum.

13                    <u>NO ADDITIONAL AGREEMENTS</u>

14        27.  Defendant understands that, except as set forth herein,

15   there are no promises, understandings, or agreements between the USAO

16   and defendant or defendant's attorney, and that no additional

17   promise, understanding, or agreement may be entered into unless in a

18   writing signed by all parties or on the record in court.

19   ///

20   ///

21

22

23

24

25

26

27

28

DocuSign Envelope ID: 8712D2D3-A91B-4087-9DB1-1FE92EA733B3

1        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        28.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   E. MARTIN ESTRADA
    United States Attorney

9

10  *Benjamin J. Weir*                           11/17/23

    _____                    _____
11  BENJAMIN J. WEIR                             Date
    Assistant United States Attorney

12  _____                     11/16/2023
                                                 _____
    PAUL HORTON SMITH SR.                        Date
13  Defendant

14  _____                     11/16/23
                                                 _____
    YOUNG KIM                                    Date
15  ALEJANDRO BARRIENTOS
    Deputy Federal Public Defenders
16  Attorneys for Defendant
    Paul Horton Smith Sr.

17

18              CERTIFICATION OF DEFENDANT

19        I have read this agreement in its entirety.  I have had enough

20  time to review and consider this agreement, and I have carefully and

21  thoroughly discussed every part of it with my attorney.  I understand

22  the terms of this agreement, and I voluntarily agree to those terms.

23  I have discussed the evidence with my attorney, and my attorney has

24  advised me of my rights, of possible pretrial motions that might be

25  filed, of possible defenses that might be asserted either prior to or

26  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

27  of relevant Sentencing Guidelines provisions, and of the consequences

28  of entering into this agreement.  No promises, inducements, or

                              17

DocuSign Envelope ID: 8712D2D3-A91B-4087-9DB1-1FE92EA733B3

1  representations of any kind have been made to me other than those
2  contained in this agreement.  No one has threatened or forced me in
3  any way to enter into this agreement.  I am satisfied with the
4  representation of my attorney in this matter, and I am pleading
5  guilty because I am guilty of the charge and wish to take advantage
6  of the promises set forth in this agreement, and not for any other
7  reason.

8

9  PAUL HORTON SMITH SR.                          11/16/2023
   Defendant                                      Date
10

11

12                 CERTIFICATION OF DEFENDANT'S ATTORNEY

13      I am Paul Horton Smith Sr.'s attorney.  I have carefully and
14  thoroughly discussed every part of this agreement with my client.
15  Further, I have fully advised my client of his rights, of possible
16  pretrial motions that might be filed, of possible defenses that might
17  be asserted either prior to or at trial, of the sentencing factors
18  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
19  provisions, and of the consequences of entering into this agreement.
20  To my knowledge: no promises, inducements, or representations of any
21  kind have been made to my client other than those contained in this
22  agreement; no one has threatened or forced my client in any way to
23  enter into this agreement; my client's decision to enter into this
24  agreement is an informed and voluntary one; and the factual basis set
25  ///
26  ///
27
28

                                18

forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          11/16/23
YOUNG KIM                                 Date
ALEJANDRO BARRIENTOS
Deputy Federal Public Defenders
Attorneys for Defendant
Paul Horton Smith Sr.